UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   ECF file

---

| | |
|---|---|
| TRUSTEES OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 235 FRINGE BENEFIT FUNDS and the LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 235, | ) Index # <br> ) <br> ) **COMPLAINT** <br> ) <br> ) |
| Plaintiffs, | ) |
| -against- | ) JUDGE ROBINSON <br> ) |
| CARMODY BUILDING CORP., and ROSEANNE CANTISANI, individually, | ) <br> ) 08 CIV. 4817 |
| Defendants. | ) |

---

Plaintiffs, by their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd PLLC, for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and §301 Labor Management Relations Act (LMRA), 29 U.S.C. §185 to:

   (a) recover delinquent contributions owed to employee fringe benefit trust Funds;

   (b) audit the books and records of defendants; and

   (c) obtain an injunction compelling defendants' compliance with a collective bargaining agreement.

## JURISDICTION

2. The subject matter jurisdiction of this court is invoked pursuant to §502 and §515 of ERISA, 29 U.S.C. §1132, §1145 and §301 LMRA, 29 U.S.C. §185.

3. A copy of the Complaint herein is being served on the Secretary of Labor at 200 Constitution Avenue N.W., Washington, D.C., 20212 and the Secretary of the Treasury at 15th and

Pennsylvania Avenue, Washington, D.C. 20220 by certified mail as required by §502 (h) of ERISA, 29 U.S.C. §1132 (h).

## VENUE

4. This Court is one of proper venue, pursuant to §502 (e) (2) of ERISA, 29 U.S.C. §1132 (e) (2) and §301 LMRA, 29 U.S.C. §185 because the Funds are administered and maintain a principal place of business in Westchester County, New York.

## THE PARTIES

5. The Trustee plaintiffs are the trustees of the Laborers International Union of North America Local 235 Fringe Benefit Funds ("Funds") which are affiliated with the Laborers International Union of North America Local 235 ("Union"). The Trustees are fiduciaries within the meaning of §3 (21) of ERISA, 29 U.S.C. §1002 (21).

6. The Funds constitute multi-employer employee benefit plans within the meaning of §3 (3) and (37) of ERISA, 29 U.S.C. §1002 (3) and (37).

7. The plaintiff Union is a labor organization within the meaning of §2(5) LMRA, 29 U.S.C. §152 (5).

8. Upon information and belief, defendant Carmody Building Corp., (hereinafter "Carmody" or the "corporate defendant") is a corporation incorporated under the laws of the State of New York with its principal place of business at White Plains, New York.

9. Upon information and belief, the individual defendant Roseanne Cantisani (hereinafter "Cantisani or the "individual defendant") is an employer within the meaning of both §3)5) of ERISA, 29 U.S.C. §1002(5) and §2(2) LMRA, 29 U.S.C. §152(2).

10. Upon information and belief, the individual defendant is the President and the largest shareholder of the corporate defendant.

11. Upon information and belief, the individual defendant is among the ten (10) largest shareholders of the corporate defendant.

### FIRST CLAIM (CORPORATION UNDER §515 OF ERISA)

12. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

13 At all relevant times, the corporate defendant was party to a collective bargaining agreement (CBA) with the Union. Under the terms of the CBA, the corporate defendant was and is obliged to file employment reports and make contributions to the Funds for all hours worked by its employees in covered employment.

14. Despite repeated efforts by the Funds to collect the contributions owed, the corporate defendant remains delinquent in its contributions.

15. Upon information and belief, the corporate defendant has failed to make its contractually required contributions to the Funds and dues to the Union, for the period December 1, 2006-February 1, 2007 and the total amount currently owed by the corporate defendant is estimated to be $65,265.00. The precise figure cannot be determined because the corporate defendant has failed to submit the required accurate employment reports for those months in which it was required to make contributions under the CBA and §209 of ERISA, 29 U.S.C. §1059.

16. Upon information and belief the corporate defendant has paid no part of the contributions it owed the Funds and dues owed to the Union for this period. It is anticipated that the delinquency may grow during the pendency of this action if the corporate defendant fails to remit contributions as they become due.

## SECOND CLAIM (INDIVIDUAL AS AN EMPLOYER UNDER ERISA)

17. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

18. As an employer, as such term is defined by ERISA, and upon information and belief, having disregarded the corporate form, undercapitalized the corporate defendant, mixed corporate and personal assets and having engaged in actions, inactions, misuse of assets and improprieties all of which have left the corporate defendant with insufficient assets with which to pay the contributions owed to the Funds, the individual defendant may be held jointly and severally liable with the corporate defendant for the delinquent contributions owed to the Funds.

## THIRD CLAIM (INDIVIDUAL FIDUCIARY LIABILITY UNDER ERISA)

19. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

20. Pursuant to the CBA, the corporate defendant was obliged to deduct contributions owed to the Funds and promptly remit such contributions to the Funds.

21. The contributions constitute plan assets of plaintiff Funds.

22. Upon information and belief, such contributions were not remitted to the Funds.

23. Upon information and belief, such contributions were deposited to the corporate defendant's general accounts thereby co-mingling such plan assets with the corporate defendant's general assets.

24. Upon information and belief, the individual defendant made the decision to so co-mingle and use said plan assets to pay the corporate defendant's general creditors instead of remitting the same to the Funds.

25. Upon information and belief, the corporate defendant used said plan assets to pay creditors of the corporate defendant rather than remitting said plan assets to the Funds.

26. Upon information and belief the individual defendant made the decisions about which of the corporate defendant's creditors to pay out of its general account.

27. Upon information and belief the individual defendant determined which of the corporate defendant's creditors would be paid and in what order.

28. Upon information and belief the individual defendant failed to segregate the contributions owed to the plaintiff Funds and remit the same to the Funds on a timely basis with the required reports.

29. Upon information and belief, the individual defendant did thereby exercise authority and control respecting the disposition of plan assets of the Funds and the individual defendant thereby acted as a fiduciary with respect to the Funds and Union for purposes of imposing personal liability under ERISA.

## FOURTH CLAIM (UNDER LMRA)

30. Plaintiffs Repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

31. At all relevant times, the corporate defendant was party to a CBA with the Union which agreement covers employees in an industry affecting commerce as defined in the LMRA. Under the terms of the agreement, the corporate defendant was and is obliged to make and file employment reports, pay wages to its employees and make contributions to the Funds.

32. Despite repeated efforts by the Union to collect the dues and contributions owed, all defendants remain delinquent and thereby are in breach and violation of the CBA.

### FIFTH CLAIM (INDIVIDUALS AS EMPLOYERS UNDER LMRA)

33. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

34. As employers within the meaning of §2(2) LMRA, the defendants may each be held jointly and severally liable for the dues and delinquents contributions owed pursuant to the CBA.

### SIXTH CLAIM (AUDIT)

35. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

36. Under the terms of the CBA, LMRA and ERISA, an employer is required to make payments to the Funds and the Union based on an agreed sum or percentage for each man-hour of its hourly payroll worked or wages paid in covered employment, and to accurately report such man-hours and wages to the Funds and the Union.

37. Under the terms of the Funds' By-Laws, Declaration of Trust, Collective Bargaining Agreement, State and Federal Common Law, LMRA and ERISA, plaintiffs are entitled to audit defendants' books and records.

38. Upon information and belief, the defendants have not been reporting, and may be under-reporting, the number of employees, the number of man-hours and wages paid to its employees and contributions and dues due.

39. The Funds have made due demand upon the defendants for an audit of the defendants' books and records. This demand has been and continues to be ignored.

(g) A mandatory injunction (1) requiring defendants to submit timely reports and make timely contributions to the plaintiff Funds and Union as they become due under the terms of and for the duration of he collective bargaining agreement; (2) enjoining the defendants from violating the terms of the CBA by failing to make timely contributions to the Funds and Union; (3) directing the defendants to pay all delinquent contributions to the Funds and Union and to resume making the contributions on a timely basis; (4) prohibiting the defendants from performing any masonry work (as defined by the CBA) in the geographic jurisdiction of the Union until they have complied with (1), (2), (3) above; and

(h) Such other and further relief as the Court may deem just and proper.

Dated: Elmsford, New York
       May 15, 2008                          Respectfully submitted,

                                             BARNES, IACCARINO, VIRGINIA,
                                             AMBINDER & SHEPHERD PLLC

                                             _____
                                             Karin Arrospide (KA9319)
                                             Attorneys for Plaintiffs
                                             258 Saw Mill River Road
                                             Elmsford, New York 10523
                                             (914) 592-1515